UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OSTO VARGAS, on behalf of himself and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL DCP, LLC, <br><br> Defendant. | Civil Action No. 1:15-cv-12829 |

### FINAL ORDER APPROVING SETTLEMENT AND DISMISSING CASE WITH PREJUDICE

Plaintiffs have filed an assented-to motion for final settlement approval (the "Motion"). See ECF Docket No. 33. They are requesting an order finally approving the parties' proposed class action settlement (the "Settlement") and dismissing with prejudice the above-captioned action (the "Action") in accordance with the parties' settlement agreement, see ECF Docket No. 29-1 (the "Agreement"), which sets forth the terms and conditions for a proposed settlement of this matter and its dismissal with prejudice.

This Court held a preliminary approval hearing and granted preliminary approval of the Settlement on July 30, 2016. See ECF Docket No. 31. This Court then conducted a final settlement approval hearing on October 5, 2016. After that hearing and upon review of the Motion, it is hereby ORDERED, ADJUDGED, and DECREED that:

1

1. This Order incorporates by reference the terms and definitions used by the parties in the Agreement. All terms used herein shall have the same meanings as those set forth in the Agreement.

2. For purposes of this Action, this Court has subject matter jurisdiction and, for purposes of the Settlement, this Court has personal jurisdiction over the Parties, including all Settlement Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and consistent with due process, this Court hereby approves the Agreement and finds that the Settlement fair, reasonable, and adequate to the Settlement Class Members. The Parties are hereby directed to execute its terms.

4. The Court hereby certifies, solely for purposes of effectuating the Settlement, the following Settlement Class:

> All individuals who have worked as route drivers for National DCP out of the Bellingham, Massachusetts facility from April 10, 2012 through June 27, 2016.

5. For purposes of the Settlement, the Settlement Class identified above is certified pursuant to Federal Rule of Civil Procedure 23(b)(3). Settlement Class Members had the right to exclude themselves by way of the opt-out procedure set forth in the Agreement. Only one Settlement Class Member requested exclusion pursuant to that opt-out procedure.

6. This Court finds, solely for purposes of the Settlement, that the Action may be maintained as a class action on behalf of the Settlement Class because: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members is

impracticable; (b) there are questions of law and fact common to Settlement Class Members that predominate over individual questions; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; (d) Plaintiffs and Plaintiffs' Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a settlement on a class action basis is superior to other available methods for the fair and efficient adjudication of this controversy.

7. This Court finds that the notice and claims process provided to Settlement Class Members, as set forth in the Agreement and executed by Plaintiffs' counsel, was the best notice practicable and fully satisfied the requirements of the Federal Rules of Civil Procedure, due process, and any other applicable laws.

8. This Court hereby dismisses this Action with prejudice on the merits and without costs (except as otherwise provided in the Agreement), subject to retention of jurisdiction to enforce the Settlement.

9. This Court approves, as part of the Agreement, that Plaintiffs' Counsel will receive $166,667 in attorneys' fees and costs, that the named plaintiff (Osto Vargas) will receive an incentive award of $15,000, that the third-party settlement administrator shall be paid $28,000, and that $10,000 be held in a reserve fund to resolve any disputes that may arise. These funds will be paid out of the Gross Settlement Fund. The incentive awards shall be in addition to any claims Mr. Vargas may have to obtain any monetary benefits available under the Agreement. In addition, this Court finds the distribution for attorneys' fees and costs and incentive payments is appropriate based on the following factors:

 a. The Settlement provides substantial benefits for the Settlement Class.

 b. The requested award of attorneys' fees and costs is within the range of reasonable fees for similar class action settlements.

 d. The Action raised numerous questions of law and fact, and the outcome was by no means certain.

 e. The Settlement was negotiated at arms' length and without collusion, following substantial discovery and briefing.

 f. The fees paid will not diminish any amount to be paid to Settlement Class Members.

13. The Court approves the proposed allocation and distribution of the Gross Settlement Fund as set forth in the Motion and the Agreement. The Court also orders that the payments be made pursuant to the schedule established in the Agreement.

14. The Court approves the designation of Greater Boston Legal Services as the *cy pres* designee for any residual funds.

15. Without affecting the finality of this Order in any way, this Court retains jurisdiction to implement the Agreement and to construe, enforce, and administer the Agreement and the Settlement. Plaintiffs' Counsel will continue in their role to oversee all aspects of the Agreement and Settlement.

16. If an appeal, writ proceeding or other challenge is filed as to this Order, and if thereafter the Order is not ultimately upheld, all orders entered, stipulations made and releases delivered in connection herewith, or in the Agreement or in

connection therewith, shall be null and void to the extent provided by and in accordance with the Agreement.

IT IS SO ORDERED.

ENTERED this 5th day of October, 2016

_____
The Honorable Richard G. Stearns